KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— July, 1880.

## EVERITT v. CARMAN.

*In the matter of the final accounting of the executors of* BENJAMIN CARMAN, *deceased.*

Under a decree or bequest to heirs or next-of-kin, followed by words providing for an equal division, such as "in equal shares," or "share and share alike," or "to be divided equally between them," the heirs or next of kin will take *per capita*, and not *per stirpes* by classes.

Where the other provisions of the will afford even a slight indication that it was the intention of the testator that the devisees should take by classes, such a construction will prevail.

But where the terms of the will, directing a division of the property, clearly and unmistakably express the intention of the testator, as to the mode of division, no reference to other provisions of the will need be had.

The testator bequeathed to his wife $6,000 ; to his son, $5,000 ; to each of his daughters, naming them, $2,000 ; to his grandson, $3,000, and to

each of his granddaughters, naming them, $1,000. The residue he bequeathed to his wife and the persons answering the description of his heirs-at-law, "to be divided between them equally, in such manner that his said wife and *each* of his said heirs-at-law shall take equal shares." *Held,* that the residuary clause clearly expressed the intention of the testator that the division of the residue should be *per capita ;* that the use of the term "each" was controlling without reference to the prior provisions of the will, and that there was nothing in these prior provisions to indicate that the testator intended to leave to his grandchildren only as a class a share equal to that which he gave to each of his children.

APPLICATION for the construction of a will upon final accounting of the executors. The facts appear sufficiently in the opinion.

HUBBARD & RUSHMORE, *for the executors.*

D. W. NORTHUP *and* CHARLES H. BURTIS, *for legatees.*

THE SURROGATE.—The testator, by his will, gave to his wife, besides the household furniture, &c., $6,000, in lieu of dower; to his son, Benjamin T. Carman, $5,000 ; to each of his daughters, naming them, $2,000 ; to his grandson, Samuel Carman, the son of his deceased son, Samuel Carman, $3,000 ; and to each of his granddaughters, Jane Alletia Everitt, Mary Smith and Catharine Melinda Carman, the daughters of his deceased son, Samuel Carman, $1,000. All the rest, residue and remainder of his estate he gives, devises and bequeaths to his wife, and the persons answering the description of his heirs-at-law, to be divided between them equally, in such manner that his said wife and each of his said heirs at-law shall take equal shares. The question raised is whether the testator intended the grandchildren to share in the residue *per stirpes* or *per capita.*

The general rule of construction in this state is that

under a devise or bequest to "heirs or next-of-kin," followed by words providing for an equal division, such as "in equal shares," or "share and share alike," or "to be divided equally between them," the "heirs" or "next-of-kin" will take *per capita* as individuals, and not *per stirpes* by classes. (Collins *v.* Hoxie, 9 *Paige*, 81 ; Lee *v.* Lee, 39 *Barb.*, 172 ; Clarke *v.* Lynch, 46 *Id.*, 68, 81, 82 ; Myres *v.* Myres, 23 *How. Pr.*, 410 ; Brumer *v.* Storm, 1 *Sandf. Ch.*, 357 ; Murphy *v.* Harvey, 4 *Edw. Ch.*, 131 ; Raymond *v.* Hillhouse, 19 *Alb. L. J.*, 522 ; Ferrer *v.* Pyne, 18 *Hun*, 411, affirmed by Ct. of Appeals, 22 *Alb. L. J.*, 155.) It is clear, however, that the terms of such a devise as the above-mentioned would be equally well satisfied by dividing the property so devised in equal shares, by classes, among the devisees, so that each class of heirs should share equally in it. (Raymond *v.* Hillhouse, 19 *Alb. L. J.*, 522 ; Risk's Appeal, 52 *Penn. St.*, 269.) Therefore it has been said that where the other provisions of the will afford a very faint glimpse that such was the intention of the testator, this last construction must prevail. (2 *Jarman on Wills*, p. 111 ; *Roper on Legacies*, 159 ; Clarke *v.* Lynch, 46 *Barb.*, 69, 82 ; Ferrer *v.* Pyne, 18 *Hun*, 411 ; S. C., in Ct. of Appeals, 22 *Alb. L. J.*, 155.)

So it has been held that if the testator, in one part of his will, uses words describing the objects of his bounty as a class, and in another part refers to them again by the same words and description, the presumption is that in both cases he used the words in the same sense, and intended them, in each instance, to describe the persons as a class. (Ferrer *v.* Pyne, *supra ;* Lockhart *v.* Lock-

hard, 3 *Jones Eq. N. C.*, 205.; Balcom *v.* Haynes, 14 *Allen*, 204.)

But these are only rules of construction to ascertain the intention of the testator, for, after all, that is the only question here. What did the testator intend? He had a perfect right to divide his property among the persons to whom he chose to give it, in such proportions as he saw fit, and if his intentions are clearly and unmistakably expressed in regard to the disposition of the residue of his estate, there is no necessity to refer to the other provisions of his will in order to ascertain what he meant.

I confess that I do not see what language the testator could have used to indicate, more clearly than he has, the wish that the residue of his property should be divided *per capita* among his heirs. He not only devises and bequeaths the said residue to his wife, Melinda, and the persons answering the description of his heirs-at-law, to be divided between them equally, but he adds, so that there can be no mistake as to his meaning, "in such manner that my said wife and each of said heirs-at-law shall take equal shares." In Minters' Appeal (40 *Penn.*, 111), the testator had devised his property, share and share alike, among the children of his brother, Adam, and the children of his brother Martin, and to his sister. The court thought that seemed to make three classes, but it said : "If he meant his nephews should be each equal to his sisters, the word *each* would have made his meaning clear." In Patterson *v.* McMasters (3 *Jones Eq.*, 209), the court say that where the words, "each an equal share," are used, there cannot be any doubt but that it was the intention of the testator that

the persons in whose favor the bequest was made should take *per capita.* But there is nothing in the former provisions of the will to indicate that the testator intended only to leave to his grandchildren, as a class, a share equal to that which he gave to each of his own children. It is true that the legacy to his son was nearly equal to all the legacies given to the grandchildren. The same may be said with regard to the legacy to his wife ; but the sum given to each of the daughters was but little more than the sum given to each of the granddaughters, and was less than the legacy given to the grandson. All that can be gathered from these provisions of the will is that he intended to leave more to his male than to his female heirs, a result which would in no way be attained by dividing the property among them *per stirpes.*

Ordered accordingly.