NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
October, 1880.

### RIEGELMAN *v.* RIEGELMAN.

## *In the matter of the estate of* JOHN E. RIEGELMAN, *deceased.*

Pending a contest over the probate of a will, the Surrogate has no power under section 98, 3 *R. S.*, 106 (6 ed.), upon petition of a person entitled to a legacy or to a distributive share of the estate, to order payment of such portion of such legacy or share as may be necessary for petitioner's support. Until the validity of the will is established, the petitioner is not entitled to any legacy or distributive share.

The duties of a collector are limited to the powers enumerated in the statute. His powers relate to the preservation, and not to the administration, of the estate.

The powers of a receiver of real estate, appointed under section 13 of chapter 359, *Laws of* 1870, are, like those of a collector, confined to the preservation of the estate; he cannot be authorized to administer the estate.

Where, pending a contest over the probate of a will, the widow of decedent and a legatee named in the will applied for an order directing the collector and receiver of the estate to pay her one-third of the rents and profits of the estate, both real and personal, and also to pay to her, for her two infant children, one-sixth each of the residue of said rents and profits, and that he be ordered to pay all interest on mortgages, ground rents, taxes and insurance, *Held*, that the application must be denied for want of jurisdiction.

APPLICATION pending a contest over the probate of
decedent's will, to allow the widow to retain one-third
of the rents and profits of the estate, real and personal,
of decedent, and of the future income thereof, and that
the receiver and collector be directed to pay her the
same, and that she be authorized *to* receive for her two
infant children one-sixth each of the residue of said
rents and profits, and of future rents and income, and
that she be allowed out of the rents and moneys in
hand to pay her counsel, and that said receiver and col-

lector be ordered to pay all interest on mortgages, ground rents, taxes, assessments, and water rates on the real estate, and keep the buildings insured, &c.

BOARDMAN & BOARDMAN, *for petitioner.*

R. S. NEWCOMBE, *for receiver.*

THE SURROGATE.—The only authority for this application is the 3 *R. S.*, 106 (6 ed.), § 98, which provides that any person entitled to a legacy, or to a distributive share of an estate, may apply to the Surrogate to be allowed to receive such portion of such legacy or share as may be necessary for his support. Until it shall be determined whether the will propounded is valid, and admitted to probate, it cannot appear that the petitioner is entitled to any legacy, nor will it appear that she is entitled to a distributive share of this estate, unless and until the will shall be rejected.

By 3 *R. S.*, 79 (6 ed.), § 42, the authority of a collector is limited to the collection of the goods, chattels, personal estate and debts of the deceased, and to secure the same, and to sell, under the authority of the Surrogate, such goods as are deemed necessary for the preservation of the estate after appraisal. By chapter 359 of the *Laws of* 1870, section 10, applicable to this county only, the collector may be authorized by the Surrogate, after six months from the granting of letters, to publish notice for claims, and after one year, upon certain proof, to pay debts of the estate.

This statute clearly contemplates the preservation and not the administration of the estate by the collector, except as specially provided in the act of 1870, and I am of the opinion that where the statute limits the

authority of the collector, the Surrogate has no power to enlarge it.

Section 13 of the act of 1870 provides for the appointment of a receiver of real estate of a decedent, pending the contest of a will, who shall possess the same power and authority as if appointed by any other court of competent jurisdiction.

At first it occurred to me, that this language might be regarded as enlarging the powers of a receiver appointed pending the contest, beyond those of a collector ; but upon reflection I am of the opinion that he too is confined to the preservation of the property, and that it would be contrary to the purpose of the statute to authorize him to administer the estate, and that his appointment, as to the realty, confers the same power over it as does the appointment of a special administrator over the personalty.

In this case, the widow is not yet adjudged to be a legatee, for if she had been, she would be entitled to the whole income ; and yet she asks to be authorized to receive a portion of the rents for the infant remaindermen ; nor can she be said to be entitled to a distributive share of this estate, in the event of the will being denied probate, for in that event she would not be entitled as of right to any rents of the real estate, until her dower should be admeasured, and even then, she would not be entitled, through the intervention of the representative of the estate.

This construction seems to result necessarily from the statute cited, the authority of the receiver, and position of the parties.

Counsel for the petitioner seeks to base the authority

of the Surrogate to grant the order in this case, upon the statute defining his jurisdiction, authorizing him to administer justice in all matters relating to the affairs of deceased persons, according to the provisions of the statutes of this state, and alleges that the statute should be construed so as to confer power not expressly provided for in the statutes, and suggests that any other construction would show that the section was intended to direct the Surrogate to do only what other statutes had directed him to do ; but he seems to forget that that section is one defining the Surrogate's jurisdiction, and that the courts have repeatedly held that the Surrogate has no authority except such as is expressly provided by statute, and such incidental powers as are necessary to the exercise of those special powers. If the learned counsel were correct in his interpretations, then might the Surrogate entertain jurisdiction of an action of partition of real estate belonging to a deceased person, or ejectment, but it is entirely clear that the words " according to the provisions of the statutes of this state " are words of limitation.

That some such power should be conferred upon the Surrogate in cases of prolonged contest is entirely apparent, but I am not making, but striving to administer, the laws.

Application denied.

Ordered accordingly.