Rollins, S.
Pending a controversy in this court over
the claim to probate of two papers, each of which had been propounded as solely constituting this decedent’s last will and testament-, his son, Charles E. Aaron, who had appeared in the proceeding as a party contestant, was appointed temporary administrator of the estate, and entered at once upon the duties of that office.
The proceeding resulted, on November 25, 1885, in a decree which adjudged that neither of the papers aforesaid was entitled to probate. That decree contained the following provisions :
“It is ordered * * * that Charles E. Aaron, as temporary administrator of Elias E. Aaron, deceased, pay to George F. Langbein, Esq., attorney for Charles E. Aaron, the sum of $1,000 costs out of the estate of said deceased; and that he pay to Gilbert H. Crawford, Esq., attorney for Fitzgerald Tisdall and Isaac A. Drake (contestants in the proceeding), the sum of $500 costs out of the said estate.”
After this decree was entered the genuine will of this decedent was admitted to probate, and letters testamentary thereon were issued to the said Charles E. Aaron
*736 On June 30, 1886, Messrs. Tuttle, Goodell & Brooks, as “ attorneys for Charles E. Aaron, temporary administrator and executor, ” obtained from the surrogate an order to show cause why so much of the decree of November, 1885, as awards costs out of said estate directly to the said attorneys, Langbein and Crawford, and directs that the same be paid by Charles E Aaron, as temporary administrator, ■should not be vacated, and why such other relief should not be granted as might seem just.
Mr. Langbein responded to the order to show cause by filing certain affidavits, wherein it was, among other things, alleged that a law firm in which he had been and then was a partner, had appeared in this court in divers specified proceedings as the attorneys of record of the said Charles E. Aaron as temporary administrator, and that such firm had not consented that any other person or persons be substituted in its stead as attorney or attorneys for such temporary administrator, and that no order had been entered in this court directing such substitution.
It is claimed that for this cause the moving party herein has no right to make his motion by his present attorneys, and it is also claimed that he has no standing to make it at all, as he was not, in his capacity of temporary administrator, a party to the controversy over probate.
Neither of these objections is sound. The fact that the Messi’s. Langbein have acted in certain proceedings connected with this estate as the attorneys for the moving party herein, does not preclude such party from availing himself in other proceedings of the services of other attorneys. It may be that the respondent is technically correct in insisting that, as the temporary administrator, as such, was not a party to the proceeding for probate, he should, before moving to vacate the decree complained of, have sought and obtained leave of the court so to do; but if he asks no more than justice requires, his application may properly be treated as if all formal preliminaries had been by him duly observed.
The decree itself made him for the first time a party to the proceeding of which it was the culmination. It directed him to pay out to certain people, for certain specified purposes, certain moneys in his hands belonging to this estate. He should certainly be permitted to show, if he can, that that direction was not within the jurisdiction of the court, and should he be successful, the decree thus discovered to be erroneous must be set aside.
First. The first ground of complaint against this decree is "that the surrogate was without authority to order any part ■of the expenses of the probate controversy to be paid by the temporary administrator. The general powers and duties *737 of such an officer are specified in sections 2672 and 2674 of the Code of Qivil Procedure. The latter section authorizes -him, under certain circumstances, to pay debts contracted by the decedent in his lifetime. Section 2672 provides that the surrogate may authorize a temporary administrator to pay a legacy or a distributive share, or expenses incurred by him in the administration of his trust, or the funeral expenses of his decedent, or “stenographer's or referee's foes on contest of a will or administration.”
The express grant to the surrogate of authority to direct ■a temporary administrator to pay out moneys for the purpose specified in the words above italicized affords of itself a strong argument in support of the proposition, that, to that extent only, can a temporary administrator be empowered to defray the expenses of a controversy over probate.
The chief function of that officer is to collect and preserve the estate. He can lawfully part with its assets only in cases and under circumstances distinctly specified in the statute. This view is in harmony with all the adjudicated cases that have fallen under my observation.
It was decided in 1859 in the Matter of Parish (29 Barb., 637,) that the collector of a decedent’s estate could not be ordered by the surrogate to pay the costs and expenses of a proceeding for the probate of such a decedent’s will.
In 1877 it was held in Mattter of Haskett (3 Red., 165,) that prior to the enactment of section 10, chapter 359, laws of 1870, the surrogate had no authority to direct such a collector to pay the claims of his decedent’s creditors, and that after that enactment such authority could be exercised only within the limitations which the section prescribed.
It was held in Matter of Cogswell, decided in March, 1880 (4 Red., 341), that this court could not direct a collector to pay his decedent’s funeral expenses; and in Riegelman v. Riegelman, decided in October of the same year (4 Red., 492), that it could not direct him to pay a legacy or distributive share. Either of those directions wxrnld be lawful under the Code as it now stands. Section 2672, supra.
Surrogate Livingston declared in Matter of Badger (7 Law Bulletin, 71,) that he was powerless to grant an order directing a temporary administrator to pay the costs of a contested proceeding for the grant of letters of administration.
In view of the language of section 2672, the decisions above cited, and the history of the legislation touching collectors and temporary administrators, I am convinced that the direction in the decree here complained of was unauthorized.
*738 Second. It was unauthorized for another reason and in another particular. The costs for whose payment it provided were awarded directly to counsel. Since the repeal of chapter 359 of the Laws of 1870 no such award has been warranted by law. Costs, if allowed at all, must be allowed not to counsel, but to parties, in accordance with the provisions of 2561 of the Code of Civil Procedure. Walton v. Howard, 1 Dem. 103.
Third. The direction for the payment of $1,000 to Mr. Langbein was based upon a bill of costs presented by him, and upon an affidavit alleging that, in the performance of' his duties as attorney in the probate proceeding, he had been necessarily employed for ninety-three days. If all that time had been occupied in the trial the amount allowed by the decree would not be in excess of the statutory limit; but it appears, upon examination of the affidavit referred to, that Mr. Langbein was actually engaged in court on but fifty-one days, and that he devoted the remainder of the ninety-three days to preparation for trial. Now for time-expended in such preparation the surrogate has no authority to grant a per diem allowance except under the circumstances indicated in section 2562; and that section relates to accounting proceedings exclusively. The maximum award that could properly have been made on the disclosures of Mr. Langbein’s affidavit and bill of costs was $584.24.
That award would have afforded inadequate compensation for the zealous and efficient services that were rendered by him in the proceeding for probate. Indeed, the entire-amount allowed by the decree is much less than those services were fairly worth as between counsel and client; but the limitations of section 2561 cannot for any cause be overpassed.
The motion of the temporary administrator must be granted and the decree of November 25, 1883, must be amended, so that the last paragraph may read as follows: “ And it is further ordered that there be allowed to said Charles E. Aaron, one of the contestants herein, the sum of $584.74 as costs and counsel fee of George F. Langbein, his counsel in these proceedings, the same to be paid out of the funds of this estate by such person or persons as shall hereafter be -granted letters of administration or letters testamentary upon the estate of this decedent; and that there be allowed to the contestants, Fitzgerald, Tinsdall and Isaac A. Drake, as costs and counsel fee of Gilbert H. Crawford, their counsel, the sum of $250, to be paid in the same manner as aforesaid, out of the funds of this estate. ” The last named sum is all that can properly be allowed the *739 parties represented by Mr. Crawford under the circumstances disclosed by his affidavit.