(41 Misc. Rep. 202.)

### WEIHER v. SIMON et al.

(Supreme Court, Special Term, New York County. July, 1903.)

1. PARTITION—RECEIVER PENDENTE LITE—TEMPORARY ADMINISTRATOR—APPOINTMENT—POWER OVER REAL ESTATE.

Where a surrogate had appointed a temporary administrator of decedent's personalty, the Supreme Court, in an action for partition of his real estate, would not appoint a receiver pendente lite, since, under Code Civ. Proc. § 2675, authorizing the surrogate to confer on a temporary administrator authority to do any act in regard to decedent's real property necessary to its preservation or benefit, the surrogate might still authorize such temporary administrator to perform the acts regarding decedent's real estate for which a receiver was desired.

Action by Reba E. Weiher against Sigmund Simon and other defendants. On motion for appointment of receiver pendente lite. Motion denied.

Miller, Miller & Storm (Jacob F. Miller, of counsel), for the motion.
Platzek & Stroock, opposed.

GIEGERICH, J. This is an application by the plaintiff for the appointment of a receiver in an action for the partition of real property during the pendency thereof. The will of Samuel Simon, deceased, under whom the defendants Sigmund Simon and Harry D. Simon claim title to the real estate in suit, is in litigation; and when this motion was argued the surrogate had already appointed a temporary administrator of the personalty of the decedent, but had deferred acting with regard to the realty until after the determination of this motion. The plaintiff's counsel urges that, as to real property, a receiver should be appointed by this court, instead of a temporary administrator by the surrogate, because, as claimed, charges for interest on mortgages, taxes, Croton water rents, and repairs will have to be paid; it being argued that "a receiver can attend to all these things, whereas a temporary administrator appointed by the surrogate has power only to collect, but not to distribute or apply." This is not so. Section 2675 of the Code of Civil Procedure expressly provides that the surrogate may, by an order, confer upon the temporary administrator "authority to lease any or all of the real property, for a term not exceeding one year; or to do any other act with respect thereto, except to sell it, which is, in the surrogate's opinion, necessary for the execution of the will, or the preservation or benefit of the real property." It will be thus observed that a temporary administrator may be authorized by the surrogate to do the very things which the plaintiff claims he cannot do, and that, while the performance of such acts is not left to his discretion, he may nevertheless be authorized thereto by the surrogate. A receiver does not possess any greater powers, since he also acts only under the discretion of the court. Code Civ. Proc. § 716. Riegelman v. Riegelman, 4 Redf. Sur. 492, cited by the plaintiff, construed a prior statute, and hence is not applicable to the present case. There is therefore no reason, so far as the papers submitted disclose, for the appointment of a receiver by this court, and the parties should resort to the Surrogate's Court for the relief asked, but which that court so courteously deferred granting until the present motion should be decided. I deem it proper to further state, for the guidance of counsel upon the settlement of the order, that in deciding this motion the answering affidavits presented by the plaintiff were considered. Motion denied, with $10 costs to the defendants Sigmund Simon and Harry D. Simon, to abide the event.

Motion denied, with $10 costs to defendants Simon, to abide event.