In the Matter of the Intermediate Judicial Settlement of the Account of WILLET E. HOYSRADT, as Temporary Administrator, etc., of EMMA BOGARDUS, Deceased.

AMERICAN TRACT SOCIETY and Others, Appellants; WILLET E. HOYSRADT, as Temporary Administrator, Respondent.

Second Department, June 18, 1919.

Executors and administrators — right of temporary administrator to intermediate accounting.

A temporary administrator has no absolute right, upon his sole petition, and prior to the appointment of an executor or administrator in chief, to an intermediate accounting, although the Surrogate's Court may order him to account at any time.

When the letters of a temporary administrator are revoked, or the executor qualifies, or an administrator in chief is appointed, then the temporary administrator must account.

A decree, granting an intermediate accounting to a temporary administrator upon his sole petition, reversed and the proceedings held in abeyance until the appointment of an executor or administrator in chief, who should be made a party, with authority to examine the entire accounts from the date of the appointment of the temporary administrator.

APPEAL by the American Tract Society and others, legatees, from a decree of the Surrogate's Court of the county of

Dutchess, entered in the office of said Surrogate's Court on the 1st day of March, 1918.

*W. H. Van Steenbergh,* for the appellants.

*Folger & Rockwood,* for the respondent.

JENKS, P. J.:

After the lapse of almost two years the temporary administrator has obtained a decree of his intermediate accounting. He was the sole petitioner therefor, none supported him, and of the five legatees who appeared upon citation, three opposed the petition. The temporary administrator had no absolute right to an intermediate accounting, although the Surrogate's Court could order him to account at any time.

We perceive no reason why this petition should have been granted. The precise and controlling word of the term " temporary administrator " is " temporary," in that his powers are to preserve, not to administer. (*Riegelman* v. *Riegelman,* 4 Redf. 492.) When the letters of such an officer are revoked, or the executor qualifies, or an administrator in chief is appointed, as the case may be, then the temporary administrator must account. (Jessup-Redf. Surr. 663; Heaton Surr. 504.)

The decree is reversed and the proceedings are held in abeyance until the appointment of an executor or administrator in chief, who should be made a party, with authority to examine the entire accounts from the date of the appointment of the temporary administrator, without costs of this appeal to any party.

MILLS, RICH, BLACKMAR and KELLY, JJ., concurred.

Decree of the Surrogate's Court of Dutchess county reversed and proceedings held in abeyance until the appointment of an executor or administrator in chief, who should be made a party to this proceeding, with authority to examine the entire accounts from the date of the appointment of the temporary administrator, without costs of this appeal to any party.